HOOPER, Chief Justice
(dissenting).
I would not at this point deny the petition for the writ of mandamus. The certification of this ease as a class action is at best problematic. The case involves allegations of breach of contract, fraud, suppression, the tort of outrage, and unconscionability. The plaintiff filed the action in Pickens County. She seeks certification of a class of plaintiffs. She claims that Ford Motor Credit Company and Reform Motor Company had a duty to disclose the amount of interest that is paid to Reform Motor Company by Ford Motor Credit when the interest rate negotiated by Reform Motor Company is more than the interest rate that Ford Motor Credit requires when it is purchasing Reform Motor Company’s chattel paper. The plaintiff calls this arrangement a “kickback” and claims she was entitled to receive the payment instead of Reform Motor Company.
Among the problems with pursuing this case as a class action are the fact that one of the plaintiffs purchased a car from Reform Motor Company 17 years ago and remembers nothing about the transaction;[1] the question whether a duty to disclose was raised in each individual transaction between *465 Reform Motor Company and a purchaser of a car; reliance by each purchaser upon a representation by Reform Motor Company or Ford Motor Credit; and the lack of special circumstances or oral inquiry by the plaintiffs that would create a duty to disclose the terms. Therefore, questions of law or fact common to the members of the class do not predominate over any questions affecting only individual members of the class, as Rule 23, Ala.R.Civ.P., requires.
The class certification issue in this ease calls for the exact same ruling as that made in a case before a federal magistrate for the Middle District of Alabama dealing with an identical claim of suppression against General Motors Acceptance Corporation. Mack v. General Motors Acceptance Corp., 169 F.R.D. 671 (M.D.Ala.1996). In declining to certify that case as a class action, the judge called it “the antithesis of a class action.” Now that this Court has denied the petition for the writ of mandamus, the parties must go to the expense and effort of trying as a class action a ease that is totally inappropriate for class-action treatment. Otherwise, the defendants will simply be forced to settle because of the prohibitive litigation expenses. If there was ever a justification for reviewing a court’s order before a final judgment was entered, it would be the case of an improper class certification. The waste of judicial resources or, given that a defendant may settle in order to avoid the expense of litigation, the oppression of defendants, is a sufficient reason for this Court to review such certifications.
Given the significance of class-action certifications in numerous fraud cases coming before Alabama courts, I would order an answer and briefs, so that we could determine whether this alleged class is appropriate for class-action treatment or whether this case is the “antithesis of a class action.”
MADDOX and SEE, JJ., concur.

. In her affidavit, she said that her lawyer told her that the dealership got a "kickback” that she should have gotten. The other plaintiff seeking to represent a class did not even buy a car from the Reform Motor Company dealership. She bought her car from another dealership that is not a defendant in this case.